# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AUSTIN CLARY,**

       **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No: 6:13-cv-90-Orl-31KRS**

**WAYNE IVEY, ARMOR CORRECTIONAL HEALTH SERVICES, INC.,**

       **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 9) filed by Defendant Armor Correctional Health Services, Inc. ("Armor Health") and the response in opposition filed by the Plaintiff, Austin Clary ("Clary").

### I.  Background

According to the allegations of the Complaint (Doc. 1), which are accepted in pertinent part as true for purposes of resolving the instant motion, Clary was arrested and taken to the Brevard County Jail on November 24, 2010 on a misdemeanor charge of driving under the influence. Defendant Wayne Ivey, who has been sued in his official capacity as the Sheriff of Brevard County, is responsible for operating the Brevard County Jail. Armor Health is a private corporation that provides medical services at the jail.

Clary suffers from "Hypo Kalemic Periodic Paralysis," a serious medical condition that, if untreated, can cause progressive paralysis, leading to heart failure and death. Upon his arrest,

Clary and some of his family members informed various jail personnel of Clary's condition; despite this, he was not given his proper medication.

On the morning of November 25, 2010, Clary woke up partially paralyzed, and his condition worsened as the day progressed. Clary repeatedly requested medical treatment, but the jail personnel told him they thought he was faking and refused to allow him to see medical personnel or to provide treatment. That afternoon, Clary was released from the jail. By this point, he was completely paralyzed. He was transported by ambulance to a hospital, where doctors discovered that his potassium levels had dropped to near-fatal levels. Clary spent two days receiving treatment in the hospital's Intensive Care Unit before he recovered.

On January 17, 2013, Clary filed the instant suit, asserting a claim against both defendants under 42 U.S.C. § 1983 for violations of his Constitutional rights (Count I); a negligence claim against Ivey for depriving him of access to medical care (Count II); and negligent training, supervision, and retention claims against Ivey (Counts III-V) and Armor Health (Counts VI-VIII).

### II.    Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court

must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.    Analysis**

Armor Health raises a number of arguments in favor of dismissal of one or more of the claims against it. First, Armor Health complains that at various points Clary refers to "jail personnel," "Defendants' supervising employees," and "Defendants' employees" rather than identifying those individuals more specifically -- as Armor Health employees or employees of the Sheriff, for example. However, the Court finds that the Complaint is sufficiently specific to permit Armor Health to phrase a responsive pleading.

Armor Health also complains that Clary has improperly commingled his causes of action by including negligent training and supervision claims within his Section 1983 claim. Clary responds that the training and supervision allegations in Count I are not assertions of separate claims but rather are alternative bases for municipal liability under Section 1983. *See, e.g., City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989) (holding that "the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.").

In Count I, Clary seeks the imposition of joint and several liability. Armor Health points out that some courts have expressed a concern that allowing contribution between defendants may undermine the purposes of Section 1983, and that many courts have declined to find a right to contribution in Section 1983 cases. Be that as it may, at this stage of the proceedings, the Court cannot say that the imposition of joint and several liability would be improper here. Armor Health also argues that the State of Florida has abolished joint and several liability, but fails to articulate how that abolition is relevant to a claim for damages under Section 1983 or a claim for attorneys' fees under Section 1988. Armor Health is not entitled to dismissal of Count I.

Florida Statute Section 766.106 requires that, prior to "the filing of a complaint for medical negligence, a claimant shall notify each prospective defendant … of intent to initiate litigation for medical malpractice." Fla. Stat. § 766.106(2)(a). Armor Health argues that alleged medical negligence forms the basis of the state law negligent training and supervision claims against it, and that Clary failed to provide the company with the proper notice, requiring dismissal. Clary argues that those claims arise out of a refusal to provide medical care, rather than medical negligence, and therefore he was not obligated to provide presuit notice.

The statute does not support Clary's argument. It defines both "claim for medical negligence" and "claim for medical malpractice" as "a claim, arising out of the rendering of, **or the failure to render**, medical care or services." Fla. Stat. § 766.106(1)(a) (emphasis added). As plead in this Complaint, an alleged failure to render medical care certainly lies at the heart of Clary's claims. *See also Palms West Hosp. Ltd. Partnership v. Burns*, 83 So. 3d 785 (Fla. 4th DCA 2011) (even where it was alleged that doctors refused to provide treatment because patients' lack of insurance rather than because of doctors' exercise of professional judgment, negligent retention claim against hospital involved alleged medical malpractice and presuit notice was required).

Clary provides cases that purportedly reach a different result on the issue of presuit notice, but those cases involved alleged negligence that happened to occur in a medical setting, rather than what the statute defines as medical negligence. *See Quintanilla v. Coral Gables Hosp., Inc.*, 941 So. 2d 468 (Fla. 3d DCA 2006) (presuit notice not required where nurse spilled scalding hot tea on hospital patient) *and Tenet St. Mary's, Inc. v. Serratore*, 869 So. 2d 729 (Fla. 4th DCA 2004) (presuit notice not required where nurse injured patient's foot by accidentally kicking it while attempting to kick footrest of patient's chair). Count VI and Count VII will be dismissed for failure to comply with Fla. Stat. §766.106.

Finally, Armor Health complains that the tort of negligent retention does not occur unless an employer knew or should have known of the employee's unfitness, and that Clary has failed to include any allegations of this in Count VIII, its negligent retention claim against Armor Health. In response, Clary is unable to point to any such allegations of notice in the Complaint. Count VIII will be dismissed.

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Dismiss (Doc. 9) filed by Defendant Armor Correctional Health Services, Inc. is **GRANTED IN PART AND DENIED IN PART**. Counts VI, VII, and VIII are **DISMISSED WITHOUT PREJUDICE**.  In all other respects, the motion is **DENIED.**  Should the Plaintiff wish to file an amended complaint, he must do so on or before August 23, 2013.

**DONE** and **ORDERED** in Orlando, Florida on August 14, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties